Green, J.
delivered the opinion of the court. .
William C. Jamison, being possessed of á considerable estate, and having two families of children, made his will, in *293 which, after bavins; made provision for the children of bis first marriage, he devised all the rest of his property, real personal, to his wife, for the support of herself and children during her natural life or widowhood; at the death or marriage of his wife the property devised to her was to be equally divided among his children of the second marriage. Then comes the following clause: “if any of my children of the second marriage die before my wife, and before the division of the property, without lawful issue, it is my will that the share of such child form a part of the general stock to be divided among the other children of the second marriage. If any of said children die before my wife, leaving lawful issue, such issue is to take the share of the deceased parent.”
Elizabeth Jamison, one of the daughters of the testator by the second wife, intermarried with the defendant, Zachariah Poor, by whom she had a daughter, Sarah Elizabeth Poor. Elizabeth died before her mother, and a short time after her death, and before the death of Mrs. Jamison, Sarah Elizabeth, the infant daughter of Elizabeth, also died. The defendant, Poor, administered on the estate of his wife and daughter, and claims the share of her father’s estate to which his wife, had she survived her mother; would have been entitled under the will. Mrs. Jamison is dead; and this bill is brought to settle the rights of the parties, and to enforce a division of the estate. By the plain words of the will, on the death of Elizabeth, her share of the estate vested in her daughter, Sarah Elizabeth Poor, and upon the • death of Sarah Elizabeth Poor, her father, the present defendant, became entitled to all her estate, both real and personal.
The will is, that if a child die without issue, the share of such child is to form part of the common stock to be divided; but not so if such child die leaving issue. In that case, such share is to vest in the issue. But it is insisted, that this clause does not express the intention of the testator, as it is to be ascertained by looking at the entire will. In the first place, it is supposed that the testator postponed the absolute vesting of the estate in the children until after the termination of the life estate, in order to secure the property in his own blood until that, period, and as that objecl would not infallibly *294 be accomplished by construing the clause under consideration according to its literal meaning; it is insisted we must give it a meaning, which will accord with such general intent.
This is an ingenious suggestion of the probable purpose of the testator, and possibly, if the state of facts now existing in this case had been suggested to him as likely to occur, he might have framed his will in accordance with the views of complainant’s counsels But it is unnecessary for us to seek in the uncertain field of conjecture, for a reason why the estate was not absolutely vested in the children, until after the termination of the life estate. The will itself states the reason. The entire estate, real and personal, was given to his wife “for the support of herself and children during her natural life or widowhood.” The children were young, and the testator wisely provided that they should be entirely dependent on their mother for education and support, thereby, the more certainly to secure to her their obedience and respect. This, together with the purpose to provide ampl}" for the support of his wife, we conceive to have been the obvious view with which this provision was made, and that the design suggested in the argument did not enter into the mind of the testator. He, no doubt supposed it probable, that of so many children some of them might die without issue before the death of their mother, as some of them were very young, and for that event he provided, by directing that the share of such a one should form a part of the general stock to be divided. But we do not think the will affords evidence that he contemplated it as probable that any of his children would have issue and die, and then that issue would die before the life estate would terminate. Few men look beyond their grand children in disposing of their estates; and we think the testator in this case, was content, after providing for his grand children, as in the latter part of the clause under consideration, to leave his estate to the disposition of the law.
Any other view of the case would compel the court to suppose that the words “die without issue” were used in their technical sense, which would make them mean an indefinite failure of issue, and then to restrain their signification to the dying without issue, living at the period of the division. This *295 would be giving to the clause under consideration an highly ,. , . . ' , , b ' artificial meaning which wouldnot.be warranted, unless were necessary to effect a clearly indicated genetal'intention of the testator. We do not think, such general intention ex-yisted in his mind, and we therefore give-to the words employed their obvious sense, .which is, that if one of his children should die, leaving a child or children living, such issue should be vested with an absolute title to such portion of the estate as the deceased parent would have been entitled to have received if living. Vide Wilkins vs. Kemeys, 9 East. Rep. 366. The defendant, Poor, is therefore entitled to the portion of his late wife, Elizabeth.
Let the decree be reversed and reformed, so as to declare the rights of the parties as they exist according to the views herein taken.
Decree reversed.